IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff | : | Civil Action No. 1:11-cv-1626 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| SHIRLEY A. WALSH and | : | |
| JOSEPH T. WALSH, | : | |
|     Defendants | : | |

## MEMORANDUM ORDER

Currently pending before the Court is Plaintiff the United States of America's motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (Doc. No. 7.) Plaintiff commenced this action by filing a complaint against Defendants Shirley and Joseph Walsh on September 27, 2011, seeking mortgage foreclosure on the property located at 312 Wimmers Road, Lake Ariel, PA 18436 ("the Property"). (Doc. No. 1.) The complaint alleges that Plaintiff, through the United States Department of Agriculture, granted loans in the amount of $60,500.00 to Defendants in March of 1991, as evidenced by promissory notes and secured by a mortgage encumbering the Property (the "Note and Mortgage"). The complaint alleges that Defendants are the record owner of the Property, that they are in default on the loan, and that, as of March 9, 2011, the amount due and owing to Plaintiff was $109,326.39. Plaintiff effected service on Defendants on September 27, 2011. (Doc. No. 4.) To date, Defendants have failed to plead or otherwise defend themselves in this action.

On November 18, 2011, Plaintiff moved for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. No. 6.) On the same day, Plaintiff moved for entry of default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (Doc. No. 7.) The clerk of court entered default on November 21, 2011. (Doc. No. 10.)

Rule 55(b)(2) of the Federal Rules of Civil Procedure authorizes a district court to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. Anchorage Assocs. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). However, when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c). See Anchorage Assocs., 922 F.2d at 177 n.9.

Here, it is clear that the factors weigh in favor of granting default judgment. First, if default is denied, then Plaintiff will be prejudiced by Defendants' ongoing failure to pay their mortgage payments. Defendants have not made a mortgage payment in approximately one year and six months. As to the second and third factors, because Defendants have failed to participate in the litigation process in any way, the Court cannot speculate as to whether Defendants have a litigable defense, or whether Defendants' default is due to culpable conduct. Thus, entry of default judgment is appropriate in this case.

Plaintiff seeks to foreclose on the Note and Mortgage and to sell the Property. Plaintiff has supported its motion for default judgment with an affidavit and certification of the amounts due under the Note and Mortgage. (Doc. No. 7 at 2-3.)

**ACCORDINGLY**, on this 13th day of January 2012, default having been entered against

Defendants, and upon consideration of Plaintiff's motion for default judgment, together with consideration of the supporting documents filed therewith, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for default judgment (Doc. No. 7) is **GRANTED**.

2. Judgment is hereby entered in favor of Plaintiff, United States of America, and against Defendants, SHIRLEY A. WALSH and JOSEPH T. WALSH, in the amount of $109,326.39 plus interest at the rate of $11.37 per day from March 9, 2011 to the date of any Marshal's Sale or other sale of the Property.

3. The promissory note and mortgage between Plaintiff and Defendants are foreclosed as to the property located at 312 Wimmers Road, Lake Ariel, PA 18436. In accordance with the provisions of the National Housing Act, there is no right of redemption in the mortgagor or any other person. 12 U.S.C. § 1701(k); United States v. Forest Glen Senior Residence, 278 F. Supp. 343, 343 (D. Or. 1967).

4. The Property shall be sold according to the following:

   (a) The United States Marshal for the Middle District of Pennsylvania is directed to sell the Property for cash to the highest bidder at a public, judicial sale pursuant to Title 28 U.S.C. § 2001. Notice must be given, in accordance with 28 U.S.C. § 2002, once a week for four consecutive weeks prior to the sale in one newspaper regularly issued and of general circulation in the county and judicial district where the Property is situated. To reduce the costs and expenses of tax sale, Plaintiff may advertise a short description of the Property rather than a complete legal description.

   (b) Ten percent of the highest bid must be deposited in certified check or cashier's check with the United States Marshal by the bidder immediately upon the Property being struck down to the bidder. The balance of the purchase money must be paid in certified or cashier's check by the highest bidder to the Marshal within ten days after the sale is confirmed by the Court, without demand for the same being made by the Marshal. It is the highest bidder's responsibility to ascertain the date of confirmation. If the highest bidder fails to settle, all their rights in the real estate shall cease and be completely void and the Property may be re-advertised and sold by the Marshal without further order of the Court at the risk of the defaulting bidder whose deposit shall be forfeited; and in case of a deficiency on such resale, they shall make good the same to the person thereby injured.

        The highest bidder shall take the Property subject to and is to pay all state and local taxes, water rents or charges, sewer rents or charges, and municipal claims, and any other claims, charges and liens against the Property which are not divested by the Marshal's sale, and shall pay all state, local and federal transfer taxes and stamps. If Plaintiff is not the successful bidder, Plaintiff will automatically be registered as the second highest bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder.

    (c)    Plaintiff, United States of America, or its nominee, is granted right of entry at reasonable times to the Property for purposes of pre-sale inspection and Marshal's sale with the right to inspect the house, the books, records and accounts, all other items, things and information necessary for the inspection, advertisement and sale of the Property.

    (d)    Motion for confirmation of the public sale shall be made by the Marshal or the Plaintiff to the Court thirty days after the date of sale.

5.    Upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution pursuant of further order of this Court.

6.    Plaintiff shall be paid the amount adjudged due pursuant to the distribution of the proceeds of the sale.

7.    A true copy of this order shall be delivered to the United States Marshal by the Clerk of Court.

9.    Jurisdiction is retained over this matter for the granting of such orders as the circumstances may require.

                                                S/ Yvette Kane  
                                               Yvette Kane, Chief Judge  
                                               United States District Court  
                                               Middle District of Pennsylvania